Filed 2/4/25  P. v. Quevedo CA2/6
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B335436 |
| Plaintiff and Respondent, | (Super. Ct. No. BA456662) (Los Angeles County) |
| v. | OPINION ON TRANSFER FROM SUPREME COURT |
| JONATHAN QUEVEDO, | |
| Defendant and Appellant. | |

Jonathan Quevedo appeals the judgment entered after he had been resentenced. He contends the trial court erroneously concluded that a gang-enhanced 2003 felony conviction qualifies as both (1) a "strike" within the meaning of California's "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and (2) a prior serious felony enhancement within the meaning of Penal Code section 667, subdivision (a)(1) (667(a)(1)).[1]

The alleged strike and serious felony enhancement are based on section 1192.7, subd. (c)(28), which provides that a

---

[1] All statutory references are to the Penal Code.

"'serious felony'" includes "any felony offense, which would also constitute a felony violation of Section 186.22," the gang statute. In 2021 section 186.22 was amended. (Stats. 2021, ch. 699, § 4, (A.B. 333).) Appellant argues that, because of this amendment, his 2003 felony conviction cannot support an increased sentence under the Three Strikes law or section 667(a)(1).

In an unpublished opinion, *People v. Quevedo* (May 19, 2025, B335436), we held: "Appellant's gang-enhanced felony conviction qualified as a strike on the date the conviction occurred in 2003. Therefore, it also qualified as a strike when appellant was resentenced." (B335436, slip opn., p. 5.) We did not decide the section 667(a)(1) serious felony issue because the trial court had exercised its discretion to strike that enhancement when it resentenced appellant.

The California Supreme Court granted review (S291649). On December 10, 2025, the Supreme Court transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Fletcher* (2025) 18 Cal.5th 576 [(*Fletcher*)])." We vacate our May 19, 2025 decision. Pursuant to *Fletcher*, we reverse the true findings that appellant's 2003 felony conviction qualifies as a strike and a prior serious felony enhancement. In addition, we vacate appellant's sentence. We remand the matter to the trial court with directions that the People be allowed to elect whether to retry appellant on the strike and prior serious felony enhancement. We also remand the matter for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed

2

circumstances'"].)

*Procedural Background*[2]

A jury found appellant guilty on 10 counts involving four victims: three counts of assault with a deadly weapon (§ 245, subd. (a)(1)); two counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 189); one count of discharging a firearm at an occupied motor vehicle (§ 246); one count of dissuading a witness by use of force (§ 136.1, subd. (c)(1)); two counts of assault with a semiautomatic firearm (§ 245, subd. (b)); and one count of possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)).

The jury found true allegations that all of the offenses had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to the convictions for attempted murder and shooting at an occupied motor vehicle, the jury found true allegations that appellant had personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). Except for the convictions of assault with a deadly weapon, the jury found true allegations that appellant had committed the offenses while released from custody on another felony offense (§ 12022.1).

The court found true one prior serious felony enhancement, (§ 667, subd. (a)(1)), three prior prison term enhancements (§ 667.5, subd. (b)), and one prior strike within the meaning of California's Three Strikes law. Both the serious felony enhancement and the strike were based on the same 2003 gang-enhanced conviction.

_____

[2] Because the facts are not relevant to the issues on appeal, we omit the customary factual summary. Appellant's particularly egregious, violent conduct is set forth in *People v. Quevedo* (March 21, 2023, B300862), slip opinion at pages 3-6.

Appellant was sentenced to prison for a determinate term of 22 years, 8 months, to be followed by an indeterminate term of 158 years to life. The indeterminate term included two years for two prior prison terms (§ 667.5, subd. (b)). Appellant appealed. In our original unpublished opinion (*People v. Quevedo* (Aug. 17, 2021, B300862)), we struck the prior prison terms and affirmed in all other respects.

Our Supreme Court granted review (S270879). It transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Renteria* (2022) 13 Cal.5th 951 and Assembly Bill No. 333." (§ 186.22).

In an unpublished opinion filed on March 21, 2023, we vacated our original decision. We struck the two one-year enhancements imposed for prior prison terms (§ 667.5, subd. (b)). We accepted the People's concession that the true findings on all of the gang enhancement allegations must be vacated pursuant to A.B. 333. We remanded the matter to the trial court to afford the People an opportunity to retry the gang allegations. In all other respects, we affirmed.

At the hearing conducted on remand, the People announced that they would not retry the gang enhancements. Defense counsel argued that A.B. 333 had rendered the prior strike conviction invalid, but the trial court refused to dismiss the strike. The court reasoned: "[The strike] was in 2003. It's a final determination. The change in the law [caused by A.B. 333's amendment of section 186.22] does not apply to something that is final." However, the trial court exercised its discretion to dismiss the five-year prior serious felony enhancement.

The trial court resentenced appellant to a determinate term of 25 years, four months, to be followed by an indeterminate term

of 80 years to life in prison.

*People v. Fletcher*

In *Fletcher* our Supreme Court concluded: "[C]urrent law governs whether [defendants'] 2015 convictions 'would also constitute' a felony violation of section 186.22 for purposes of the Three Strikes law and prior serious felony enhancements. (§ 1192.7(c)(28).) [¶] . . . [T]he current law . . . includes Assembly Bill 333's redefinition of the elements of gang offenses and enhancements under section 186.22. (*Fletcher, supra,* 18 Cal.5th at p. 607.) Thus, "Assembly Bill 333 applies to the determination of whether a prior conviction qualifies as a serious or violent felony under section 192.7(c)(28) for purposes of the Three Strikes law and prior serious felony enhancements . . . ." (*Id.,* at p. 608.) The Supreme Court continued: "There is no indication that [defendants'] 2015 conviction[s] [were] obtained under Assembly Bill 333's more stringent requirements . . . . The appropriate remedy is reversal of the findings on these enhancements for retrial under the correct law." (*Id.,* at p. 607.)

*Attorney General's Concession*

After the Supreme Court transferred the matter back to us for reconsideration in light of *Fletcher*, the Attorney General filed a supplemental letter brief conceding that the true findings on the strike and the prior serious felony enhancement "should be vacated." The Attorney General stated: "[T]he appropriate remedy is remand to the superior court to afford the People an opportunity to present additional evidence regarding the prior serious felony and strike convictions." We agree with the Attorney General.

5

*Disposition*

Our May 19, 2025 decision is vacated. Pursuant to *Fletcher*, *supra*, 18 Cal.5th 576, the true findings on the strike and the prior serious felony enhancement are reversed. Appellant's sentence is vacated. The matter is remanded to the trial court with directions that the People be allowed to elect whether to retry appellant, under current law, on the strike and the prior serious felony enhancement. We also remand the matter for a full resentencing. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

Eleanor J. Hunter, Judge

Superior Court County of Los Angeles

_____

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.